IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JAVON CHESTNUT,

                    Plaintiff,

v.                                      Action No. 08:10–CV–583—AW

PRINCE GEORGE'S COUNTY, *et al.*
                    Defendants.

## MEMORANDUM OPINION

Pending before the Court is Defendants Prince George's County and Office E. Lindeman's Motion to Dismiss. The parties have fully briefed the issues, and the Court deems that no hearing is necessary. For the reasons stated herein, the Court **GRANT-in-PART** and **DENY- in-PART** Defendant's Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case was removed to this Court on March 9, 2010. (Doc. No. 5). Defendants filed the instant Motion to Dismiss on March 19, 2010. The facts giving rise to this suit are briefly recounted below. In his Complaint, Plaintiff Javon Chestnut alleges that on July 20, 2009, at approximately 7:45 PM, he "suffered injuries to his arm and to his stomach after being slammed to the ground and held down by Prince George's County Police Office E. Lindeman." (Doc. No. 1, at 2). Plaintiff declares that he had committed no crime, but that "Office Lindemen viciously slammed plaintiff onto the ground and them pinned him there." *Id.* at 3. Moreover, Plaintiff asserts that he suffered pain and suffering and incurred medical bills as a result of the excessive force used by Officer Lindeman. He additionally avers that he experienced severe mental and emotional distress as a result of the false arrest and arrest without probable cause. Plaintiff brings the following counts against defendants: 1) Assault against Officer Lindeman; 2) Battery against Officer Lindeman; 3) Negligence against Officer Lindeman 4) False Arrest against

Officer Lindeman; 5) Excessive Force in Violation of 42 U.S.C. §1983 against Office Lindeman; 6) Excessive Force in Violation of 42 U.S.C. §1983 against Prince George's County; 7) Arrest without Probable Cause in Violation of 42 U.S.C. §1983 against Officer Lindeman; 8) Arrest without Probable Cause in Violation of 42 U.S.C. §1983 against Prince George's County.[1]

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## III. ANALYSIS

---

[1] The Court notes that Count V is missing from Plaintiff's Complaint.

### a. Excessive Force Claims against Defendant Prince George's County

Defendants move to dismiss Counts Seven and Nine—Plaintiff's excessive force claims against the County. Plaintiff has filed two claims against Prince George's County, pursuant to 42 U.S.C. §1983. 42 U.S.C. § 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an actionat law . . . for redress." In order "to state a claim under 42 U.S.C. § 1983, plaintiffs must allege:(1) a deprivation of a constitutional right or some right secured by the laws of the United States and (2) that the deprivation was caused by a state actor." *Flanagan v. Anne Arundel County*, 593 F. Supp. 2d 803, 809 (D. Md. 2009). Municipalities can be sued under a § 1983 claim, but under the principles established in *Monell v. Dep't Soc. Serv.*, 436 U.S. 658, 690 (1978), "[l]iablity arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Accordingly, "section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Flanagan*, 593 F. Supp. 2d at 809. A plaintiff may demonstrate a policy or custom by showing either: "(1) . . . an express policy, such as a written ordinance or regulation; (2) . . . the decisions of a person with final policymaking authority; (3) . . . an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) . . . a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Clark v. Balt. County*, No. BPG-08-2528, 2009 WL 2913453, *3 (D. Md. Sept. 1, 2009) (citing *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)). Defendants allege that Plaintiff has failed to properly plead a *Monell* claim.

In Count Seven, Plaintiff makes the following averments with respect to his excessive force claims against the County:

> 31. Office Lindeman's actions may have been the result of Prince George's County's custom, policy, and practice of failing to properly hire, train, and supervise its police officers. Their actions may also have been the result of the County's deliberate indifference to, and failure to take action to stop, the widespread and on-going use of excessive force by the County's Police Officers. (Doc. No. 1, at 6, ¶ 31).

In Count Nine, Plaintiff makes the same claim against the county, stating:

> 39. Office Lindeman's actions may have been the result of Prince George's County's custom, policy, and practice of failing to properly hire, train, and supervise its police officers. Their actions may also have been the result of the County's deliberate indifference to, and failure to take action to stop, the widespread and on-going use of excessive force by the County's Police Officers.
>
> (Doc. No. 1, at 7-8, ¶ 39).

In his reply brief to the instant Motion, Plaintiff directs the Court to several documents which Plaintiff avers support his allegation that Office Lindeman's acts were "so persistent and widespread as to constitute a custom or usage with the force of law," giving rise to a *Monell* claim. (Doc. No. 17, at 4). The factual information contained in these supplemental exhibits appeared nowhere in the actual Complaint. Even with these exhibits, Plaintiff has failed to state factual allegations in his Complaint which show the County's failure to hire, train, and supervise its officers constituted a custom or practice which constitute a *Monell* violation. The only allegation to support Plaintiff's claim for municipal liability are the allegations from paragraphs 31 and 39 of the Complaint. The Court believes that these are "threadbare recitals of the elements of a cause of action supported by mere conclusory statements," thus failing to satisfy the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As such, the Court will **GRANT** Defendants' Motion to Dismiss Counts VII and IX of Plaintiff's Complaint.

### b. Request for Punitive Damages

Defendants move to dismiss all claims for punitive damages against the County. Plaintiff notes that he is not seeking to hold Prince George's County liable for punitive damages, and as such, the Court **STRIKES** Plaintiff's request for punitive damages from his Complaint.

### c. Count VIII Arrest without Probable Cause

Defendants finally move to Dismiss Count VIII from Plaintiff's Complaint. In Count VIII, Plaintiff avers that he was arrested without probable cause. Defendants aver that Defendant Lindeman never arrested Plaintiff, but instead, merely, "approached [Plaintiff] and request[ed] identification." (Doc. No. 8-1, at 7). Moreover, Defendant avers that "assuming *arguendo* that Officer Lindeman's stop rose to the level of a stop under *Terry v. Ohio* . . . Office Lindeman had reasonable suspicion to stop the Plaintiff for a brief period and request identification and conduct a preliminary investigation based upon the concerned citizen's phone call as well as the Plaintiff's presence at the vacant lot when she arrived on the scene." *Id.*[2] Defendant asserts that "it is undisputed that Officer Lindeman was justified in stopping Plaintiff and questioning him based upon her observations and the concerned citizen's phone call." (Doc. No. 8-1, at 9). Despite Defendants' allegations that Plaintiff was never arrested, the allegations in Plaintiff's Complaint sufficiently state that Defendants' encounter with Plaintiff arose to a level beyond a mere investigatory stop. *See Lowe v. Spears*, 258 Fed. Appx. 568, 569 (4th Cir. 2007) (recognizing district court's observation that because Plaintiff was seized, he was arrested).

Defendants argue that even if the Court finds that Plaintiff has adequately pled a Fourth Amendment violation, Defendant Lindeman is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' The court must

---

[2] Defendants note that "it is undisputed that a concerned citizen called 911 to report a group of individuals present at a vacant lot next door to her home. According to her, none of the individuals lived on that street and they were urinating outside, drinking and smoking 'reefer.'" (Doc. No. 8-1, at 7).

determine 'whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, ... whether that right was clearly established at the time of the alleged violation.' *Smith v. McCarthy*, 349 Fed.Appx. 851, 857 -858 (4th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Plaintiff has adequately alleged that Defendant Lineman's alleged act of throwing him on the ground constituted a false arrest in violation of 42 U.S.C. §1983 and excessive force in violation of 42 U.S.C. §1983.  The constitutional rights Plaintiff alleges that Defendants violated were clearly established at the time of the incident.  At this stage in the litigation, as Plaintiff has adequately pled a claim for false arrest and excessive force in violation of 42 U.S.C. §1983, without discovery or further development of the record, the Court cannot conclude that the individually named defendant, Officer Lindeman, is entitled to qualified immunity at this juncture.  As such the Court will **DENY** Defendant's Motion as to Count XIII.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**-in-**PART** and **DENIED**-in-**PART**.  An Order consistent with the Memorandum will follow.  The Court will proceed to issue a Scheduling Order in this matter.

Date:   March 16, 2011                                          /s/_____
                                                                Alexander Williams, Jr.
                                                                United States District Judge